UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

| | |
|---|---|
| WESTLEY NEAL,<br><br>                                    Plaintiff,<br><br>          -against-<br><br>CITY OF NEW YORK, ARTHUR TRUSCELLI, Individually, ANTHONY MASSONI, Individually, ANDREY SMIRNOV, Individually, PHILIP VACCARINO, Individually, DAVID LUPPINO, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                 Defendants. | **SECOND AMENDED COMPLAINT**<br><br>14 CV 3869<br>(SLT) (VVP)<br><br>Jury Trial Demanded |

-------------------------------------------------------------------------X

Plaintiff WESTLEY NEAL by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States as to all defendants. Plaintiff also asserts supplemental state law claims as to certain defendants.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff WESTLEY NEAL is a forty-eight-year-old male residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ARTHUR TRUSCELLI, ANTHONY MASSONI, ANDREY SMIRNOV, PHILIP VACCARINO, DAVID LUPPINO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On March 22, 2013, at approximately 7:45 p.m., plaintiff WESTLEY NEAL was lawfully present in front of 25 Morningstar Road, a residential building, in Staten Island, New York, when defendant NYPD officers including, without limitation, ARTHUR TRUSCELLI, ANTHONY MASSONI, ANDREY SMIRNOV, PHILIP VACCARINO, and DAVID LUPPINO approached NEAL.

13. The defendant officers told NEAL to "freeze".

14. In response, NEAL placed his hands above his head and didn't move.

15. Notwithstanding the fact that NEAL had his hands over his head and was stationary, defendant officers threw NEAL face first into a police van.

16. Defendant officers grabbed and choked NEAL and knocked him to the ground.

17. While on the ground, defendant officers continued to choke NEAL and kicked him numerous times about his torso, legs, and head.

18. Defendant officers handcuffed NEAL.

19. NEAL was unreasonably searched by a defendant officer who placed a gloved hand in his pants and touched his rectum and genitalia.

20. NEAL had difficulty breathing and visible injuries on his face that included bruising and swelling around his left eye.

21. NEAL had difficulty walking and defendant officers had to assist NEAL into and

out of the police vehicle that transported him after his arrest.

22.     Defendant officers drove NEAL around for approximately two and one-half hours while he was injured and rear-handcuffed before transporting him to the 120th precinct station house.

23.     While at the 120th precinct station house, NEAL requested medical attention from the defendant officers, who responded that NEAL had to "wait."

24.     NEAL did not receive medical attention while in custody, despite his visible injuries and obvious distress.

25.     NEAL was charged with Criminal Possession of Marihuana in the Fifth Degree, a class "B" misdemeanor, and Unlawful Possession of Marihuana, a violation, under the New York Penal Law.

26.     NEAL was arraigned on the aforementioned charges on March 23, 2013 at approximately 12:00 p.m., in Richmond County Criminal Court.

27.     In the supporting deposition filed with the criminal court complaint in Richmond County Criminal Court against NEAL, defendant TRUSCELLI falsely conveyed to the Richmond County District Attorney and to the Richmond County Criminal Court that NEAL purportedly resisted arrest by attempting to prevent TRUSCELLI from arresting NEAL by flailing his arms, struggling with TRUSCELLI, holding his arms against his body, and by refusing to be handcuffed.

28.     All of the charges filed against NEAL were adjourned in contemplation of dismissal at his arraignment.

29.     NEAL was then released from custody following his arraignment.

30.     NEAL had been in custody from the time of his arrest on March 22, 2014 until his

arraignment on March 23, 2014.

31. NEAL sought medical attention after being released from custody and was diagnosed with injuries that included: multiple rib fractures, bruising around his left eye, and a subconjunctival hemorrhage of the left eye.

32. NEAL presently continues to suffer from headaches arising from the defendant officers' use of excessive force against him.

33. Defendant ANDREY SMIRNOV supervised defendants ARTHUR TRUSCELLI, ANTHONY MASSONI, PHILIP VACCARINO, DAVID LUPPINO, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the excessive use of force against plaintiff.

34. Defendants ARTHUR TRUSCELLI, ANTHONY MASSONI, ANDREY SMIRNOV, PHILIP VACCARINO, DAVID LUPPINO, and JOHN and JANE DOE 1 through 10 either directly participated in the foregoing acts or stood by while they were happening in their presence and did nothing to intervene, despite a reasonable opportunity to do so.

35. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

36. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and that

they engage in falsification and otherwise cover up acts of brutality and abuse of authority.

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. As a result of the foregoing, plaintiff WESTLEY NEAL sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983 Against All Individual Defendants)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff WESTLEY NEAL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 Against All Individual Defendants)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WESTLEY NEAL'S constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff WESTLEY NEAL was subjected to excessive force and sustained serious physical injuries and emotional

distress.

50. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983 Against All Individual Defendants)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. A defendant officer unreasonably searched plaintiff WESTLEY NEAL by placing his hand in plaintiff's pants and touching his rectum and genitalia.

53. Defendants caused WESTLEY NEAL to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

54. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against All Individual Defendants)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants created false evidence against plaintiff WESTLEY NEAL.

57. Defendants utilized this false evidence against plaintiff WESTLEY NEAL in

legal proceedings.

58. As a result of defendants' creation and use of false evidence, plaintiff WESTLEY NEAL suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

59. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against All Individual Defendants)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants had an affirmative duty to intervene on behalf of plaintiff WESTLEY NEAL, whose constitutional rights were being violated in their presence by other officers.

62. The defendants failed to intervene to prevent the unlawful conduct described herein.

63. As a result of the foregoing, plaintiff WESTLEY NEAL was subjected to excessive force, and he was put in fear of his safety.

64. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against Defendant Andrey Smirnov)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

67.     As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 Against Defendant City of New York)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation

of plaintiff WESTLEY NEAL'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff WESTLEY NEAL.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff WESTLEY NEAL as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff WESTLEY NEAL as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff WESTLEY NEAL was subjected to physical abuse.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff WESTLEY NEAL'S constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff WESTLEY NEAL of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from deprivation of the right to a fair trial; and

  C. To be free from the failure to intervene;

77. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

<b><u>Supplemental State Law Claims</u></b>

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

80. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

<b>AS AND FOR AN EIGHTH CAUSE OF ACTION</b><br>
<u>(Assault under the laws of the State of New York Against Defendants City of New York, Arthur Truscelli, and Anthony Massoni)</u>

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. As a result of the foregoing, plaintiff WESTLEY NEAL was placed in apprehension of imminent harmful and offensive bodily contact.

86. As a result of defendant's conduct, plaintiff WESTLEY NEAL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
<u>(Battery under the laws of the State of New York Against Defendants City of New York, Arthur Truscelli, and Anthony Massoni)</u>

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants made offensive contact with plaintiff WESTLEY NEAL without privilege or consent.

90. As a result of defendants' conduct, plaintiff WESTLEY NEAL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York Against Defendant City of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered, and manufactured evidence against plaintiff WESTLEY NEAL.

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York Against Defendant City of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

98. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York Against Defendants City of New York, Arthur Truscelli, and Anthony Massoni)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York Against Defendant City of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104. As a result of the foregoing, plaintiff WESTLEY NEAL is entitled to

compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff WESTLEY NEAL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 23, 2015

                                                LEVENTHAL & KLEIN, LLP
                                                Attorneys for Plaintiff WESTLEY NEAL
                                                45 Main Street, Suite 230
                                                Brooklyn, New York 11201
                                                (718) 722-4100

By: _____
                                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

WESTLEY NEAL,

                            Plaintiff,

    -against-

CITY OF NEW YORK, ARTHUR TRUSCELLI, Individually,
ANTHONY MASSONI, Individually, ANDREY SMIRNOV,
Individually, PHILIP VACCARINO, Individually,
DAVID LUPPINO, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

------------------------------------------------------------------------------X

14 CV 3869
(SLT) (VVP)

**SECOND AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100